IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael J. Sapienza, ) | C/A No. 0:09-3153-HMH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Michael J. Sapienza ("Sapienza"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB").

## ADMINISTRATIVE PROCEEDINGS

On January 7, 2005 Sapienza applied for DIB. Sapienza's application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A two-part hearing was held on October 4, 2006 and April 4, 2007, at which Sapienza, who was represented by counsel, appeared and testified. The ALJ, after hearing the testimony of a vocational expert, issued a decision on September 27, 2007 denying benefits and concluding that Sapienza was not disabled. (Tr. 21-29.)

Sapienza was thirty-seven years old at the time of the ALJ's decision. He has a high school education and past work experience as a police officer. (Tr. 179, 183-4, 186.) Sapienza alleges disability since December 8, 2004.

The ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

2. The claimant has not engaged in substantial gainful activity since December 8, 2004, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq.*).

    \* \* \*

3. The claimant has the following severe impairment: status-post left shoulder injury with surgery (20 CFR 404.1520(c)).

    \* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

    \* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work except that he has lost his ability for bimanual manipulation, has difficulty handling bulky items and requires a sit/stand option at will. He is further restricted to: never pushing/pulling with his left upper extremity, climbing or crawling; and occasionally crouching, stooping, reaching, handling, and fingering. He would require a sit/stand option at will.

    \* \* \*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

    \* \* \*

7. The claimant was born on August 23, 1970 and was 34 years old, which is defined as a younger individual age 18-49, on the alleged onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

    \* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 8, 2004 through the date of this decision (20 CFR 404.1520(g)).

(Tr. 23-28.)

Sapienza filed a request for Appeals Council review and submitted additional evidence in support of his claim. (Tr. 15.) On October 21, 2009, the Appeals Council denied Sapienza's request for review and concluded that none of the additional evidence provided a basis for changing the ALJ's decision, making the decision of the ALJ the final action of the Commissioner. (Tr. 3-6.) Sapienza filed this action on December 3, 2009.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and

(5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

*PJG*

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775 (4th Cir. 1973).

*PJG*

**ISSUES**

Sapienza raises the following issues for this judicial review:

1. Whether the ALJ erred in finding that Plaintiff was not credible.

2. Whether the ALJ erred in finding that Plaintiff could work at the light level.

3. Whether the Appeals Council erred in not giving an explanation to the new medical reports which were submitted.

(Pl.'s Br., ECF No. 10 at 5.)

**DISCUSSION**

**A.    Sapienza's Credibility**

Sapienza's first and third issues on appeal both relate to the evaluation of Sapienza's credibility. Sapienza argues that the ALJ erred in discounting Sapienza's credibility (1) by improperly rejecting the opinion of two of his treating physicians, Dr. Anthony Cappellino and Dr. Jonathan Ticker; (2) by giving significant weight to the opinions of the DDS medical consultants, which are not contained in the record; (3) by inaccurately stating that Sapienza received only conservative treatment; and (4) by improperly giving weight to the opinion of the consultative examiner, Dr. Adebola Rojugbokan. Sapienza also argues that his subjective complaints are supported by the records of his treating physician, Dr. Howard L. Brilliant.

Sapienza further contends that this matter should be remanded based on additional evidence submitted to the Appeals Council, which consisted of a medical report from Dr. Brilliant dated November 6, 2007 and a document showing that Dr. Rojugbokan specializes in family practice as opposed to orthopaedics. Sapienza argues that these documents provide further support for Sapienza's credibility and that the Appeals Council's failure to articulate any reasons for rejecting this evidence warrants a remand. In response, the Commissioner contends that the evaluation of

Sapienza's credibility was supported by substantial evidence and that the Appeals Council is not required to provide specific findings regarding additional evidence presented to it.

Evidence submitted to the Appeals Council with the request for review must be considered in deciding whether to grant review " 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.' " Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (*en banc*) (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). Evidence is new "if it is not duplicative or cumulative." Id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. When a claimant seeks to present new evidence to the Appeals Council, he is not required to show good cause for failing to present the evidence earlier. Id. at 96 n.3; cf. 20 C.F.R. § 404.970(b).

On October 21, 2009, the Appeals Council denied Sapienza's request for review. Specifically, the Appeals Council stated that "[i]n looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision."[1] (Tr. 3-4.) The Order of Appeals Council listed the additional evidence described above. (Tr. 6.) Since the Appeals Council denied Sapienza's request for review, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981. Accordingly, the court must "review the record as a whole, including the new evidence, in order to determine whether substantial evidence support[ed] the [Commissioner's] findings." Wilkins, 953 F.2d at 96.

---

[1] The court observes that the Appeals Council provided no further discussion or explanation as to why the additional evidence did not provide a basis for changing the ALJ's decision.

*PJG*

As an initial matter, the court observes that although the Appeals Council listed the new evidence and stated that it considered the evidence, the Appeals Council failed to discuss the new evidence, thereby rendering a meaningful review by this court difficult. The Commissioner, relying on unpublished Fourth Circuit case law as well as case law from other circuits, argues that the Appeals Council is not required to articulate specific reasons for how it weighed the newly submitted evidence. See Freeman v. Halter, 15 Fed. Appx. 87 (4th Cir. 2001) (unpublished); Hollar v. Comm'r of the Soc. Sec. Admin., 194 F.3d 1304 (4th Cir. 1999) (Table).

Cases in this circuit appear to conflict as to whether the Appeals Council must articulate reasons for the assessment of or failure to assess additional evidence. Compare Freeman, 15 Fed. Appx. 87 (concluding that the Appeals Council need not list detailed reasons for its rejection of additional evidence) and Hollar, 194 F.3d 1304 (stating that federal regulations do "not direct that the Appeals Council announce detailed reasons for finding that the evidence did not warrant a change in the ALJ's decision") and Jackson v. Barnhart, 368 F. Supp. 2d 504, 508 n.2 (D.S.C. 2005) ("[T]here is no requirement that the Appeals Council articulate its own assessment of the additional evidence in its decision to deny review.") (internal quotation marks omitted) with Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir. 1978) (concluding that the opinion of the Appeals Council which stated "only that the additional evidence had been considered, was plainly deficient") and Harmon v. Apfel, 103 F. Supp. 2d 869 (D.S.C. 2000) (declining to follow the unpublished Fourth Circuit opinions and stating that "the Appeals Council must articulate its reason for rejecting new, additional evidence, so that a reviewing court may understand the weight the Commissioner attributed to the new evidence") and Suber v. Comm'r of the Soc. Sec. Admin., 640 F. Supp. 2d 684 (D.S.C. 2009) (agreeing with and following the reasoning and holding in Harmon) and Wheelock v. Astrue, No. 9:07-3786-HMH-BM, 2009 WL 250031 (D.S.C. Feb. 3, 2009) (remanding the case to the ALJ "to

articulate his assessment of the new and material evidence presented by Wheelock so that this court may determine whether the ALJ's decision is supported by substantial evidence"). Nonetheless, a review of these cases indicates that while *detailed* reasons for rejecting additional evidence which meets the Wilkins criteria may not be required by the social security regulations, some explanation is necessary to allow the court to conduct a meaningful review. In Jordan, the Fourth Circuit held that a statement by the Appeals Council indicating "only that the additional evidence had been considered, was plainly deficient." Jordan, 582 F.2d at 1335. The addition of a new boilerplate sentence which states that "this information does not provide a basis for changing the Administrative Law Judge's decision" does not resolve this deficiency, as it merely states the obvious: if the Appeals Council found that the new evidence provided a basis to change the ALJ's decision, it would presumably not adopt the decision. Accordingly, based on the law cited above, the court finds that while detailed reasons for rejecting the new evidence may not be required, *some* explanation must be provided to allow the court to determine whether substantial evidence supports the Commissioner's decision.

Moreover, even if no explanation were required, the additional evidence from Dr. Brilliant and the evidence indicating Dr. Rojugbokan's specialty arguably address directly several of the reasons that the ALJ rejected Sapienza's subjective complaints.[2] The court in the case at bar cannot determine whether the ALJ's—and, in turn, the Commissioner's—decision is supported by substantial evidence, since there is a reasonable possibility that the new evidence would change the ALJ's decision. See Wilkins, 953 F.2d at 96.

---

[2] Although the additional medical document from Dr. Brilliant is dated two months after the ALJ's decision, it arguably relates to the period on or before the date of the ALJ's decision.

Based on the foregoing, remand is necessary. See Harmon, 103 F. Supp. 2d at 874; Suber, 640 F. Supp. 2d at 688; Wheelock, 2009 WL 250031 at *9; see also Thomas v. Comm'r of Soc. Sec. Admin., 24 Fed. Appx. 158, 161-63 (4th Cir. Dec. 17, 2001) (unpublished) (concluding that a remand was necessary where the Appeals Council summarily determined that the new evidence failed to provide a basis for changing the ALJ's decision and further development of the record was required).

**B.     Remaining Issues**

Moreover, the evaluation of the additional evidence may affect the ALJ's determination as to the subsequent steps of the sequential evaluation. Therefore, the court cannot determine whether the ALJ's conclusions as to the remainder of the sequential process are supported by substantial evidence. Further, reconsideration of the above issues may render Sapienza's remaining issues moot. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

## RECOMMENDATION

The court cannot determine based on the record before it whether the Commissioner's decision is supported by substantial evidence. Therefore, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 31, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).