IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Michael J. Sapienza, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 0:09-3153-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1]

Michael J. Sapienza ("Sapienza") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. In her Report and Recommendation, Magistrate Judge Gossett recommends remanding the Commissioner's decision. The Commissioner objects to the Report and Recommendation. For the reasons stated below, the court reverses the Commissioner's decision and remands the case for further consideration as set forth below.

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

# I. Factual and Procedural Background

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 21-29.), and summarized as follows. At the time of the ALJ's decision on September 27, 2007, Sapienza was a thirty-seven-year-old man with a high school education and past relevant work as a police officer. (Id. at 179, 183-84, 186.) Sapienza alleges that he has been disabled since December 8, 2004, due to a left shoulder injury that has required multiple surgeries. (Id. at 76.)

Sapienza filed an application for DIB on January 7, 2005. Sapienza's application was denied initially and on reconsideration. After hearings held October 4, 2006 and April 4, 2007, the ALJ issued a decision dated September 27, 2007, denying benefits. Thereafter, Sapienza appealed submitting additional evidence for review by the Appeals Council. The Appeals Council denied review on October 21, 2009. Sapienza filed the instant action on December 3, 2009.

# II. Report and Recommendation

In his brief to the magistrate judge, Sapienza argued in part that the Appeals Council erred by failing to properly evaluate new evidence he submitted to the Appeals Council and that the new evidence necessitates remand of this matter for further consideration. (Pl. Mem. Supp. J. 9-10; Pl. Reply 6.) Magistrate Judge Gossett recommends that the Commissioner's decision be reversed and remanded for further consideration. The magistrate judge stated that "while detailed reasons for rejecting the new evidence may not be required, *some* explanation must be provided to allow the court to determine whether substantial evidence supports the

Commissioner's decision." (Report and Recommendation 8.) In addition, the magistrate judge noted that "even if no explanation were required, the additional evidence from Dr. [Howard] Brilliant [("Dr. Brilliant")] and the evidence indicating Dr. [Adebola] Rojugbokan's [("Dr. Rojugbokan")] specialty arguably address directly several of the reasons that the ALJ rejected Sapienza's subjective complaints." (Id.)

The magistrate judge found that she could not determine whether the ALJ's decision was supported by substantial evidence because the Appeals Council provided no explanation regarding its decision to deny review of the ALJ's decision in light of the new evidence submitted by Sapienza. Accordingly, the magistrate judge recommends remanding the Commissioner's decision for further consideration. (Id. 10.)

### III. Discussion of the Law

#### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). Accordingly, the court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations and quotation marks omitted). Hence, absent any error of law, if the Commissioner's

findings are supported by substantial evidence, the court should uphold the Commissioner's findings even if the court disagrees. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

### B. Objections

The Commissioner filed objections to the Report and Recommendation arguing that the Appeals Council is "not required to discuss or explain how it evaluated new evidence submitted after the ALJ's decision" and "the newly submitted evidence does not establish that the ALJ's decision is not supported by substantial evidence." (Objections, generally.)

"The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep't of Health and Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (internal quotation marks omitted). Evidence is new "if it is not duplicative or cumulative." Id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id.

Sapienza submitted two additional pieces of evidence to the Appeals Counsel, a November 6, 2007 medical report from Dr. Brilliant and a website print-out indicating that Dr. Rojugobokan is a family practice doctor and not an orthopedist. (R. at 305, 309.) The Appeals Council's order listed this additional information and found that "[i]n looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this

4

information does not provide a basis for changing the Administrative Law Judge's decision." (R. at 6.)

There is a split among South Carolina district courts as to whether the Appeals Council must make an assessment of additional evidence in its decision to deny review. See Jackson v. Barnhart, 368 F. Supp. 2d 504, 508 n. 2 (D.S.C. 2005) ("[T]here is no requirement that the Appeals Council articulate its own assessment of the additional evidence in its decision to deny review." (internal quotation marks omitted)); but see Harmon v. Apfel, 103 F. Supp. 2d 869, 873 (D.S.C. 2000) ("[T]he Appeals Council must articulate its reason for rejecting new, additional evidence, so that a reviewing court may understand the weight the Commissioner attributed to the new evidence.").

However, in Jordan v. Califano, 582 F.2d 1333, 1335-36 (4th Cir. 1978), the United States Court of Appeals for the Fourth Circuit explained that when the Appeals Council simply states that "additional evidence ha[s] been considered" that explanation is "plainly deficient." The court held that in determining whether an applicant is entitled to disability benefits, the ALJ must "consider all relevant evidence, including that [given to the appeals council], and must indicate explicitly that such evidence has been weighed and its weight." Id. at 1335 (internal quotation marks omitted); see also, Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980) ("The Medical Center's report, summarizing the results of a psychiatric interview of Myers, contained new information relevant and material to the evaluation of her condition. The Appeals Council's failure to make specific findings concerning it was reversible error.").

In light of the Fourth Circuit's holding in Jordan, the court agrees with the holding in Harmon. In Harmon, the court concluded that "when the Appeals Council consider[s] evidence that the ALJ did not have the opportunity to weigh, and reject[s] that new, additional evidence without specifying a reason for rejecting it or explicitly indicating the weight given to the evidence," the ALJ must, on remand, "articulate his assessment of the additional evidence presented by" an applicant. 103 F. Supp. 2d at 874.

In addition, the Commissoner contends that remand is not necessary because the information fails to establish that the ALJ's decision was not supported by substantial evidence. The Commissioner submits that Dr. Rojugbokan, as a family practice physician, was an "acceptable medical source" who was qualified to "render an opinion on Plaintiff's functional capacity." (Objections 9.) Thus, the Commissioner submits that an orthopedist was not required to evaluate Sapienza. Further, the ALJ did not state that Dr. Rojugbokan's opinion afforded more weight as a specialist. The court disagrees because it is impossible to determine whether the ALJ discounted Sapienza's subjective complaints and placed more weight on Dr. Rojugbokan's opinion believing him to be an orthopedic specialist.

Sapienza's treating physicians were orthopedists and the ALJ discounted the opinions of two of Sapienza's three treating physicians and afforded Dr. Rojugbokan's opinion "significant weight." (R. at 26.) Sapienza's counsel alleged in his letter to the Appeals Council that Dr. Rojugbokan's opinion should be discounted because his report dated November 26, 2006,

> was supposed to be a comprehensive, orthopedic evaluation as stated in
> Dr. Rojugbokan's report. However, the Written Notice of Examination dated
> November 20, 2006 shows that claimant's examination was going to be performed
> at Primecare Family Practice. Claimant's attorney raised the issue of whether an

6

orthopedist was performing said examination, and the ALJ stated that he believed said examination would be performed by an orthopedist.

(Id. at 307.) Dr. Rojugbokan's report is titled "Comprehensive Orthopedic Examination" and the Report and the ALJ's decision denying benefits are silent regarding Dr. Rojugbokan's medical specialty. (Id. at 193.) However, during the hearing on April 4, 2007, Sapeinza's counsel raised the concern that it was unclear whether Dr. Rojugbokan was an orthopedic doctor. The ALJ stated, "I sent it out for an orthopedic consultative examination. I assume he is." (Id. at 336.) Thus, the court cannot determine whether the ALJ placed more weight on Dr. Rojugbokan's opinion and discounted Sapienza's subjective complaints based in part on his belief that Dr. Rojugbokan was an orthopedist.

In addition, the Commissioner alleges that Dr. Brilliant's November 6, 2007 treatment note is irrelevant because it relates to the time period after the ALJ's September 27, 2007 decision and Dr. Brilliant's findings do "not overcome the substantial evidence supporting the ALJ's decision." (Objections 10-11.) Dr. Brilliant's note indicates that x-rays indicated "increasing osteoarthritic changes" in the left shoulder. (R. at 305.) Further, Sapienza reported pain in his right shoulder and the note indicates that the right shoulder "has some slightly painful crepitus and elevation external rotation." (Id.) Despite Sapienza's reports of pain in his right shoulder, the ALJ's decision is silent regarding any problems with Sapienza's right shoulder. Thus, the court cannot determine whether the ALJ considered Sapienza's complaints regarding his right shoulder.

As the magistrate judge noted, Dr. Brilliant's findings on November 6, 2007 are relevant to Sapienza's condition prior to the ALJ's decision. There is no evidence of any significant change in Sapienza's condition in the six-week period of time between September 27, 2007 and November 7, 2007. Consequently, the court remands the case to the ALJ to articulate his assessment of the new and material evidence presented by Sapienza so that this court may determine whether the ALJ's decision is supported by substantial evidence. Based on the foregoing, the court adopts the Report and Recommendation.

It is therefore

**ORDERED** that the Commissioner's decision is reversed under sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
September 22, 2010