IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Michael J. Sapienza,                )
                                    )
                Plaintiff,          )       C.A. No. 0:09-3153-HMH-PJG
                                    )
        vs.                         )       **OPINION & ORDER**
                                    )
Michael Astrue, Commissioner of     )
Social Security,                    )
                                    )
                Defendant.          )

This matter is before the court on a motion for attorney fees pursuant to the Equal

Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d). Michael J. Sapienza ("Sapienza")

seeks attorney fees for services rendered in the above-captioned social security action in the

amount of Four Thousand Three Hundred Ninety-One Dollars and Ninety-One Cents

($4,391.91). The Commissioner of Social Security ("Commissioner") objects to the request for

attorney fees.

"A party who prevails in litigation against the United States is entitled to EAJA

attorneys' fees upon timely petition for them if the government's position was not substantially

justified and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d

280, 281 (4th Cir. 1992) (internal quotation marks omitted). "[T]he test of whether or not a

government action is substantially justified is essentially one of reasonableness." Smith v.

Heckler, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). "In order to

defeat an award, the government must show that its case had a reasonable basis both in law and

fact." Id. "Substantially justified" means "justified in substance or in the main–that is, justified

to a degree that could satisfy a reasonable person." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Hence, the "substantially justified" standard is "satisfied if there is a genuine dispute . . . or if reasonable people could differ as to the appropriateness of the contested action." <u>Id.</u> (internal quotation marks and citations omitted).

After review of the record, the court finds that the Commissioner's decision was substantially justified because reasonable minds could differ as to the appropriate outcome in this action. However, the court remanded this action "to the ALJ to articulate his assessment of the new and material evidence presented by Sapienza [to the Appeals Council] so that this court may determine whether the ALJ's decision is supported by substantial evidence." (Sept. 22, 2010 Order 8.) Sapienza submitted two additional pieces of evidence to the Appeals Council. (R. at 305, 309.) The Appeals Council's order listed this additional information and found that "[i]n looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (<u>Id.</u> at 6.) Sapienza argued that the case must be remanded because the Appeals Council failed to make any assessment of the new evidence. (Pl. Brief, generally.) The Commissioner argued that the Appeals Council was not required to articulate its assessment of the new evidence. The court agreed with Sapienza's position. However, the court noted that "[t]here is a split among South Carolina district courts as to whether the Appeals Council must make an assessment of additional evidence in its decision to deny review." (Sept. 22, 2010 Order 5, citing <u>Jackson v. Barnhart</u>, 368 F. Supp. 2d 504, 508 n. 2 (D.S.C. 2005) ("[T]here is no requirement that the Appeals Council articulate its own assessment of the additional evidence in

its decision to deny review." (internal quotation marks omitted)); <u>but see</u> <u>Harmon v. Apfel</u>, 103 F. Supp. 2d 869, 873 (D.S.C. 2000) ("[T]he Appeals Council must articulate its reasons for rejecting new, additional evidence, so that a reviewing court may understand the weight the Commissioner attributed to the new evidence.").) Further, the court relied on <u>Jordan v. Califano</u>, 582 F.2d 1333, 1335-36 (4th Cir. 1978), in which the United States Court of Appeals for the Fourth Circuit explained that when the Appeals Council simply states that "additional evidence ha[s] been considered" that explanation is "plainly deficient." However, the Commissioner acted reasonably in arguing that <u>Jordan</u> was not persuasive because it "involved a claim for black lung benefits under the Federal Coal Mine Health and Safety Act, under which the administrative review process is not analogous to the process at issue" in the instant matter. (Objections 7.) Although the Commissioner was unsuccessful, his position was substantially justified and reasonable minds disagreed about the Commissioner's final decision. As such, the court concludes that the Commissioner's position was substantially justified and denies Sapienza's motion for attorney fees pursuant to the EAJA.

It is therefore

**ORDERED** that Sapienza's motion for attorney fees under the EAJA, docket number 28, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
November 8, 2010